IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIZABETH FISHER, Independent Administrator of the ESTATE OF RAY E. FISHER, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CASE NO. 05-cv-4184-JPG ) |
| UNITED STATES OF AMERICA; JOHNNY R. WISELY, Individually, as Vergennes Township Highway Commissioner; and as Highway Commissioner of Vergennes Township Road District; VERGENNES TOWNSHIP; VERGENNES TOWNSHIP ROAD DISTRICT; JACKSON COUNTY; and JACKSON COUNTY DEPARTMENT OF HIGHWAYS, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

THIS CAUSE COMING before the Court upon Defendants John R. Wisely's ("Wisely) and Vergennes Township's Motion to Strike (Doc. 6) pursuant to Federal Rule of Civil Procedure 12(f).  Plaintiff Elizabeth Fisher ("Fisher"), independent administrator of the estate of Ray. E. Fisher, has responded to the motion (Doc. 9).

Under Federal Rule of Civil Procedure 12(f), upon a motion or upon its own initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike are generally disfavored because they are often employed for the sole purpose of causing delay.  *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989);  *see also Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir.

1976) (stating that "courts should not tamper with pleadings unless there is a strong reason for so doing."). The burden on a motion to strike is upon the moving party. *See Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028 (N.D. Ill. 1998).

This case stems from a traffic accident in which the plaintiff's decedent was involved that occurred in Vergennes Township. The plaintiff's decedent died shortly thereafter. The plaintiff brings this case against a variety of people who may bear some responsibility for the accident and the decedent's ultimate death, including defendant Wisely, the Vergennes Township highway commissioner and/or the Vergennes Township Road District ("Road District") highway commissioner, and defendant Vergennes Township. Fisher believes Wisely and Vergennes Township were negligent in their maintenance of a stop sign at the intersection where the accident occurred and that this negligence caused the accident. Wisely is sued in his individual and official capacities.

Wisely asks the Court to strike the counts against him (Counts III and VI) (1) in his individual capacity on the grounds that no facts were pled showing that Wisely committed any acts other than those he did in his official capacity and (2) in his official capacity on the grounds that they are duplicative of the counts pled against the defendant Road District. Vergennes Township also asks the Court to strike the counts against it (Counts IV, VII, IX and X) on the grounds that they are duplicative of the claims against the Road District. Wisely and Vergennes Township note that under Illinois law, road districts are responsible for road maintenance such as fallen stop signs.

Having reviewed the Complaint as well as the briefing on the pending motion,[1] the Court has determined that the defendants have not carried their burden of demonstrating that the claims against them are redundant, immaterial, impertinent or scandalous such that they warrant striking.  That Illinois law imposes some duty on the Road District to maintain roads and signs does not foreclose the possibility that others may have simultaneous similar duties.  *See, e.g.,* 605 ILCS §§ 5/6-201 & 201.16.  At this stage of the case, it is conceivable that the plaintiff could prove a claim against Wisely and Vergennes Township that does not duplicate the cause of action against the Road District.

For these reasons, the Court **DENIES** the motion to strike (Doc. 6).

**Dated this 10th day of April, 2006.**

                                                s/ J. Phil Gilbert
                                                **JUDGE**

---

[1] The Court notes that the defendants' brief is extremely skeletal, almost to the point where the arguments cannot be discerned.  Furthermore, two of the three statutes cited by the defendants are mis-cited, and the third seems to bear no relation to any of the arguments presumed to be advanced by the defendants.  As an alternative to the main ruling in this order, the Court denies the motion on the grounds that the arguments within it are waived as underdeveloped and unsupported.  *See Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 397 (7th Cir. 2000); *Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000).